UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,                  No. CR 06-0775 PJH

    v.                                                **ORDER DENYING MOTION**

ROBERT HANNA,

    Defendant and Movant.

_____/

        Movant Robert Hanna is currently serving a sentence imposed by this court. On March 14, 2007, Hanna pleaded guilty to one count of possession of child pornography under 8 U.S.C. § 2252(a)(4)(B). On August 1, 2007, the court departed downward from the United States Sentencing Guidelines ("USSG") when it sentenced Hanna to fifty-eight months in prison and three years supervised release even thought his guideline range was seventy-eight to ninety-seven months imprisonment.

        The court is in receipt of Hanna's November 8, 2010 "motion to modify sentence on reconsideration." In that motion, Hanna asks the court to reconsider his sentence under USSG § 5H1.11 Policy Statement, effective November 1, 2010. Prior to November 1, 2010, that section provided that "[m]ilitary, civic, charitable, or public service . . . and similar prior good works *are not ordinarily relevant* in determining whether a departure is warranted." (Emphasis added.) However, on November 1, 2010, that section was amended and now provides:

        Military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other

offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.

Because Hanna challenges the sentence imposed by this court, the court construes his motion as one for relief under 28 U.S.C. § 2255.

Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The court DENIES Hanna's motion for two reasons. First, Hanna waived his right to challenge his sentence on this basis pursuant to his plea agreement. In his plea agreement, Hanna agreed "that a sentence of imprisonment within the Guideline range [was] reasonable," and that he would "not seek a sentence of imprisonment below the low end of the Guideline range, except as provided for in this paragraph." March 14, 2007 Plea Agreement at ¶ 8. Hanna also agreed that under 18 U.S.C. § 3553(a)(1), he would be "limited to asserting that he [was] 65 years-old, has no criminal background and entered therapy before an indictment was filed against him." *Id.*

Second, the court indeed already considered Hanna's military service in sentencing him, as evidenced by its non-public Statement of Reasons.

Accordingly, Hanna's motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 17, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2